IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 WELFARE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>ASHLAUR CONSTRUCTION COMPANY, INC., an Illinois corporation,<br><br>Defendants | Case No.: 19-cv-8214 |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND, by their attorneys, DONALD D. SCHWARTZ, PAUL M. EGAN, ANDREW S. PIGOTT and ARNOLD AND KADJAN LLP, complain against Defendant, ASHLAUR CONSTRUCTION, INC., an Illinois corporation, as follows:

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

    (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174

CARPENTERS WELFARE FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Chicago and Northeast Illinois District Council of Carpenters and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, ASHLAUR CONSTRUCTION COMPANY, INC. **("ASHLAUR")** is an Illinois corporation and is doing business within this Court's jurisdiction.

(b) **ASHAUR** is an employer engaged in an industry affecting commerce.

5. **ASHLAUR** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees.

6. By virtue of certain provisions contained in the collective bargaining agreements, **ASHLAUR** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **ASHLAUR** is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. An audit of **ASHLAUR'S** books and records has been performed for the period January 1, 2017 through September 30, 2019 to determine whether the company has complied with its obligations under the collective bargaining agreement.

9. The auditors found that **ASHLAUR** is obligated to pay contributions and wages in the amount of $39,074.33. which includes liquidated damages and audit costs.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Judgment be entered against **ASHLAUR** and in favor of Plaintiffs, in the amount of $39,074.33.

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreement and ERISA Section 502(g)(2).

C. **ASHLAUR** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D. This Court grant Plaintiffs such other and further relief as it may deem

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS, et al.**

By:   s/Paul M. Egan
      One of their Attorneys

Donald D. Schwartz
Paul M. Egan
Andrew S. Pigott
**ARNOLD AND KADJAN LLP**
35 E. Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415